UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEVEN BROTHERS PAINTING, INC.,
and SEVEN BROTHERS COATINGS,
LLC,

CASE NO. 09-12506

HON. MARIANNE O. BATTANI

Plaintiffs,

v.

PAINTERS DISTRICT COUNCIL NO. 22
OF THE INTERNATIONAL BROTHERHOOD
OF PAINTERS AND ALLIED TRADES
(AFL-CIO), and ROBERT GONZALES,

Defendants.
_____/

**ORDER DENYING PLAINTIFFS' OBJECTION TO
MAGISTRATE JUDGE'S ORDER OF JUNE 7, 2010**

On June 7, 2010, Magistrate Judge Michael Hluchaniuk entered an order that granted motions to quash filed by nonparties, Painters Union Deposit Fund (the Fund) and the Duross Painting Company, R. Duross Financial Corporation, and Duross Maintenance Company (Duross). See Doc. No. 30.

Now before the Court is Plaintiffs' objection to the Order. The Court has reviewed all the pleadings as well as the Magistrate Judge's Order and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, the objection is **DENIED**.

**I. BACKGROUND**

According to Plaintiffs Seven Brothers Painting, Inc. and Seven Brothers Coatings' (collectively "Seven Brothers") complaint, Defendant Painters District Council No. 22 of the

International Brotherhood of Painters and Allied Trades (AFL-CIO) ("Union"), and Robert Gonzales defamed Seven Brothers, tortiously interfered with business relationships, and violated the Collective Bargaining Agreement (CBA) by treating Plaintiffs unfairly or differently than other signatories to the CBA. See Doc. No. 1. Plaintiffs sought information from nonparties relative to their assertion that the Union engaged in selective enforcement practices.

As to Duross, Plaintiffs asked for "all documents referencing, relating to or regarding the UNION from January 1, 2006, to the present; all documents referencing, relating to or regarding the Trustees of the Painters Union Deposit Fund (Fund) from January 1, 2006, to the present; all of Duross' incorporation and organization documents, along with those of any company with common ownership; all documents evidencing payments to the Union or the Fund from January 1, 2006, to the present; and all contracts and payments made by Duross to any company or individual for the performance of painting work from January 1, 2006 to the present." (See Doc. No. 20, Ex. B).

As to the Fund, Plaintiff sought documents, payroll forms, and all communications between the Fund and Union regarding Plaintiffs as well as audits of Plaintiffs and four other companies; documents reflecting contributions paid to the Fund from the four companies; and all meeting minutes from the Trustees' meetings of the Fund from January 1, 2006 to the present. (See Doc. No. 22, Ex. A).

After the Magistrate Judge granted the nonparties' motions, Plaintiffs filed an objection. Plaintiffs contend that production of the documents is not unduly burdensome and the information is relevant to the claims in this case. In addition, Plaintiffs argue that they have demonstrated that the information cannot be obtained from another source.

2

## II.  STANDARD OF REVIEW

A party may object to a magistrate judge's nondispositive discovery orders.  FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The reviewing court must affirm the magistrate judge's ruling unless the moving party demonstrates the ruling is "clearly erroneous" or "contrary to law."  Id.  The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently.  See Anderson v. Bessemer City, N.C., 470 U.S. 564, 573-74 (1985).  Instead, the standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 33 U.S. 364, 395 (1948).

## III.  ANALYSIS

The Federal Rules of Civil Procedure are in place to facilitate discovery of all relevant evidence.  Rule 26 authorizes expansive discovery, provided the material sought has some probative value in proving or disproving a claim or defense.  FED. R. CIV. P. 26(b)(1).  Nevertheless, discovery is not limitless.  Rule 26(b)(2)(C)(I), provides that a court, "must limit the. . extent of discovery otherwise allowed by these rules. . .if it determines that the discovery sought. . .can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Moreover, a court has broad discretion over discovery matters, Trepel v. Roadway Express, Inc., 194 F.3d 708 (6th Cir. 1999), and  in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and his order is overruled only if the district court finds an abuse of discretion.

In this case, the Court finds that Magistrate Judge Hluchaniuk did not abuse his discretion in holding that the challenged subpoenas must be quashed. In reaching his decision, the Magistrate Judge cited the governing law and applied it to the circumstances of this case. First, he correctly identified the burden on the movant to establish good cause for an order to quash. HCP Laguna Creek v. Sunrise Senior Living Management, 2010 WL 890874, *3 (M.D. Tenn. 2010) (quoting, Nix v. Sword, 11 Fed. Appx. 498, 501 (6th Cir. 2001). Second, In exercising his discretion, the Magistrate Judge properly considered the reasonableness of the subpoena, which required him to balance competing interests. Finally, he considered whether the information was necessary and whether it could be obtained from another source. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1, pp. 501-506 (3d ed. 2008).

Seven Brothers raises the same arguments in its objections that the Magistrate Judge considered in resolving the motions to quash. He balanced the benefits and burdens of requiring compliance with the subpoena and concluded that the nonparty movants showed good cause for their requests.

In reviewing that assessment, the Court cannot conclude that the decision was clearly erroneous. The Magistrate Judge conducted a "case specific inquiry" regarding the particular subpoenas at issue. Plaintiffs' mere disagreement with his evaluation simply is not enough.

## IV. CONCLUSION

Because the Magistrate Judge's Order of June 7, 2010, is neither clearly erroneous nor contrary to law, Plaintiffs' objection is **DENIED.**

**IT IS SO ORDERED.**

                                          s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

Date: August 24, 2010

## CERTIFICATE OF SERVICE

      Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

                                          s/Bernadette M. Thebolt
                                          Case Manager